UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORIO PEREZ-MENDEZ,<br><br>Petitioner,<br><br>v.<br><br>TODD LYONS, Acting Director, Immigration Customs and Enforcement, et al.,<br><br>Respondents. | Case No. 2:25-cv-07727-VBF-RAO<br><br>ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER |

On August 18, 2025, Petitioner Gregorio Perez-Mendez ("Petitioner")—an immigrant detainee represented by counsel and being held at the Adelanto Detention Center in Adelanto, California—filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"). Dkt. No. 1. On September 3, 2025, Petitioner filed a First Amended Petition ("FAP"), and on September 4, 2025, he filed a Corrected First Amended Petition ("Corrected FAP"). Dkt. Nos. 9, 11.

On September 8, 2025, Petitioner applied *ex parte* for a temporary restraining order ("TRO").[1] Dkt. No. 16. Respondents Todd Lyons, Acting Director of

---

[1] Petitioner first filed an *Ex Parte* Application for Temporary Restraining Order and then filed a Corrected *Ex Parte* Application for Temporary Restraining Order. *See* Dkt. Nos. 15, 16. The Court refers to the corrected application for TRO in this Order.

Immigration and Customs Enforcement ("ICE"), and Ernesto Santacruz, Jr., Director of the Los Angeles Field Office of ICE, filed their opposition the following day. Dkt. No. 17. Petitioner filed his Reply on September 10, 2025. Dkt. No. 19.

## I. BACKGROUND

According to the Corrected FAP, Petitioner is being held on an immigration charge. Dkt. No. 11 at 1-2. Petitioner alleges that he has been in the United States for over 30 years and has no criminal history. *Id.* at 6. Petitioner challenges ICE's determination that 8 U.S.C. § 1225 should apply to Petitioner instead of 8 U.S.C. § 1226. *Id.* at 2. The Corrected FAP also challenges Petitioner's ongoing detention as a violation of the Fourth and Fifth Amendments. *Id.* at 2, 7. Petitioner seeks relief in the form of a court order directing Respondents, *inter alia*, to immediately release Petitioner from custody and order that Respondents may not re-detain him without a holding a bond hearing on the merits. *Id.* at 8.

In his TRO application, Petitioner alleges that he was arrested by ICE agents in Los Angeles on August 10, 2025, after being shown a warrant, and has been charged with being inadmissible under 8 U.S.C. § 1182. Dkt. No. 16-1, Declaration of Sarah S. Brooks ("Brooks Decl."), Ex. B. He was detained and is presently in ICE custody. On August 20, 2025, Petitioner requested a bond hearing before an immigration judge. *Id.*, Ex. A. On September 2, 2025, the immigration judge denied the request for bond, citing to 8 U.S.C. § 1225 and stating that the immigration court lacked jurisdiction to conduct a hearing. *Id.*, Ex. D.

The TRO application requests that the Court enjoin Respondents from continuing to detain him unless he is provided with a bond hearing on the merits before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven days of the issuance of the TRO. Dkt. No. 16 at 2.

## II. LEGAL STANDARD

Filing an *ex parte* application "is justified only when (1) there is a threat of immediate or irreparable injury; (2) there is danger that notice to the other party may

result in the destruction of evidence or the party's flight; or (3) the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion (i.e., to file an overlong brief or shorten the time within which a motion may be brought)." *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013) (citation omitted).

A district court has the power to issue a temporary restraining order upon a showing by the movant that: (1) he is likely to succeed on the merits of his claims; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) the requested injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *See Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). Petitioner must "make a showing on all four prongs" of *Winter* to obtain a preliminary injunction. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

In the Ninth Circuit, courts apply a sliding-scale approach. *Id.* at 1131. Under this approach, a temporary restraining order may issue where the petitioner has raised "serious questions going to the merits"—rather than a more complete showing that it is likely to succeed on the merits—so long as the balance of hardships tips sharply in the plaintiff's favor and the plaintiff satisfies the other two *Winter* prongs. *Id.*

### III. DISCUSSION

Petitioner alleges that his continued detention violates his statutory right to a bond hearing under 8 U.S.C. § 1226(a) and his Fifth Amendment rights to due process. Respondents raise several arguments in opposition. First, Respondents argue that the Court lacks jurisdiction over the matter. Dkt. No. 17 at 5-9. Alternatively, Respondents argue that Petitioner fails to meet the high bar required for a temporary restraining order. *Id*. at 9-12, 16-17. Lastly, Respondents argue the TRO application should be denied for failure to exhaust administrative remedies. *Id*.

at 13-15.  Petitioner's reply rebuts Respondents' contention regarding jurisdiction. Dkt. No. 19 at 1-2.

On September 3, 2025, Petitioner filed a Notice of Related Cases ("Notice"). Dkt. No. 10.  The Notice identifies a pending action in this District—*Lazaro Maldonado Bautista et al. v. Ernesto Santacruz Jr. et al.*, Case No. 5:25-cv-01873 (C.D. Cal., filed July 23, 2025) ("Bautista case") —as a matter calling for the determination of the same or substantially related or similar questions of law and fact. *Id*. at 2.  The *Bautista* court granted a temporary restraining order on July 28, 2025. *Bautista et al. v. Santacruz et al.*, Case No. 5:25-cv-01873, Dkt. No. 14 ("Bautista TRO").  Like Petitioner, the *Bautista* petitioners were arrested and detained by ICE in Los Angeles and charged with being inadmissible under 8 U.S.C. § 1182. *Baustista* TRO at 2.  Each petitioner requested a bond hearing, all of which were denied by an immigration judge on the grounds that the immigration court lacked jurisdiction to conduct a bond hearing.  *Id.*  The immigration judges' decisions were based on a new Department of Homeland Security ("DHS") policy issued on July 8, 2025, instructing that 8 U.S.C. § 1225 would serve as the applicable immigration detention authority, rather than 8 U.S.C. § 1226(a), for all "applicants for admission." *Id.* "In other words, the change in policy requires ICE employees to consider anyone arrested in the United States and charged with being inadmissible as an 'applicant for admission' under 8 U.S.C. § 1225(b)(2)(A).  Under § 1225(b)(2)(A), 'applicants for admission' are subject to mandatory detention for proceedings under 8 U.S.C. § 1229(a) and not entitled to the due process protections found within § 1226(a)." *Id.* The *Bautista* court concluded that it had jurisdiction to review the petitioners' TRO application, determined that the *Winter* factors were satisfied, waived the exhaustion requirement, and granted the TRO.  *Id.* at 4-13.  A motion for class certification is currently pending in the *Bautista* action.  *Bautista et al. v. Santacruz et al.*, Case No. 5:25-cv-01873, Dkt. No. 41.

///

The same issues as presented in *Bautista* and in Petitioner's TRO application here have been addressed by other courts in this district. *See, e.g.*, *Javier Ceja Gonzalez et al. v. Kristi Noem et al.*, 5:25-cv-02054-ODW-BFM (C.D. Cal., filed Aug. 7, 2025); *Ruben Benitez et al. v. Kristi Noem et al.*, Case No. 5:25-cv-02190-RGK-AS (C.D. Cal., filed August 21, 2025); *Mosqueda v. Noem*, Case No. 5:25-cv-02304 CAS (BFM), 2025 WL 2591530 (C.D. Cal. Sept. 8, 2025). TRO applications were granted in each of these cases. While the decisions are not binding, "they are entitled to respectful consideration." *Mosqueda*, 2025 WL 2591530, at *4. The Court has reviewed the briefing and facts in this case and finds that for the same reasons as set forth in these other cases, the TRO application here should be granted.

First, with respect to jurisdiction, the Court finds that Petitioner's claim regarding whether he is subject to mandatory detention during the pendency of his immigration proceedings does not fall under Section 1252's provisions barring judicial review. *See Bautista* TRO at 4-5 (rejecting respondents' arguments that Sections 1252(b)(9), 1252(g), and 1252(a) bar judicial review).

Second, the Court finds the *Winter* factors are satisfied. Petitioner's TRO application raises a serious question regarding the legality of Petitioner's continued detention without a bond hearing. Petitioner has now been detained 30 days and will continue to be detained without a bond hearing before an immigration judge, which he is entitled to under 8 U.S.C. § 1226. Petitioner's continued detention constitutes a loss of liberty that causes immediate and irreparable injury. *See Moreno Galvez v. Cuccinelli*, 492 F. Supp. 3d 1169, 1181 (W.D. Wash. 2020), *aff'd in part, vacated in part on other grounds, remanded sub nom. Moreno Galvez v. Jaddou*, 52 F.4th 821 (9th Cir. 2022). The balance of hardships tips strongly in favor of Petitioner as he would suffer great hardship if the TRO application were denied and he continued to be detained without a bond hearing. Lastly, the issuance of the TRO will serve the public interest because Petitioner's continued detention without the legal protections afforded under § 1226 violates Petitioner's due process rights. Section 1226 likely

applies to Petitioner's detention and allowing his continued detention under § 1225 and thus depriving him of a bond hearing likely violates the immigration laws. In sum, the Court finds that all four *Winter* factors weigh in favor of a TRO.

Lastly, Respondents point to Petitioner's failure to exhaust administrative remedies and urge the Court not to excuse this failure. Dkt. No. 17 at 13-16. The Court finds the reasoning of the *Bautista* TRO is persuasive on this point as well and determines that waiving the exhaustion requirement is appropriate. Petitioner's challenge to his detention raises a question of law; there are no factual questions to be further developed before the immigration court. Further, it is unlikely that administrative review will allow the agency to correct its mistakes in light of DHS's stated new policy.

The Court notes that the new DHS policy is a dramatic shift in the interpretation of 8 U.S.C. §§ 1225 and 1226. For many years, noncitizens like Petitioners who were charged with inadmissibility under 8 U.S.C. § 1182 for being present in the United States without being admitted were considered detained pursuant to § 1226, which allows for a bond hearing before an immigration judge, assuming the individual does not have a criminal history that precludes eligibility for such a hearing. *See Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1260-61 (W.D. Wash. 2025) (citing to agency guidance from 1997 on treating noncitizens arrested while living in the United States as detained under § 1226(a)). This longstanding practice until the recent shift supports Petitioner's position and the Court's interpretation of 8 U.S.C. § 1226.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Petitioner's *Ex Parte* Application for a TRO. The Court hereby ORDERS that:

- Respondents shall provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226 within seven (7) days of this Order;

- Respondents shall show cause, in writing, as to why a preliminary injunction should not issue in this case no later than twenty-one (21) days of this Order. Petitioner may file a response no later than seven (7) days after Respondents' filing.

IT IS SO ORDERED.

DATED:   September 11, 2025             /s/ Valerie Baker Fairbank
                                        _____
                                        VALERIE BAKER FAIRBANK
                                        UNITED STATES DISTRICT JUDGE