# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GREGORIO PEREZ-MENDEZ,** | ) |
| | ) |
| Petitioner, | ) **ORDER** |
| v. | ) |
| | ) LA CV 25-07727-VBF-RAO |
| | ) |
| TODD LYONS (Acting Director, ICE), | ) Granting Prelim. Injunction |
| *et al.,* | ) and Directing Petitioner to File |
| | ) Proposed PI Order |
| Respondents. | ) |

    This is an action by a person in federal custody for habeas corpus relief pursuant to 28 U.S.C. § 2241. Proceeding through counsel, petitioner filed a petition in August 2025, *see* CM/ECF Document ("Doc") 1, a first amended petition ("FAP") on September 3, 2025 (Doc 9), and a corrected FAP on September 4, 2025 (Doc 11).

    Petitioner filed an application for a temporary restraining order ("TRO") and preliminary injunction ("PI") on September 8, 2025 (Doc 15), followed by a corrected

TRO / PI application later that same day (Doc 16). After considering the respondents' opposition brief and petitioner's reply (Docs 17 and 19), this Court issued an Order Granting the requested TRO on September 11, 2025, directing the respondents to "provide petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. section 1226 within seven (7) days of this Order." Doc 20 at 6.

The Order Granting TRO concluded by directing the respondents to show cause in writing, within twenty-one days of that Order, why a preliminary injunction should not issue. *See* Doc 20 at 7. On October 10, 2025, respondents filed the required show-cause response (Doc 21), as well as an Answer to the Corrected FAP (Doc 22). On October 8, 2025, petitioner filed a reply in support of a PI (Doc 23).

The respondents demonstrate that petitioner timely received the bond hearing that this Court had ordered and was released pursuant to the immigration judge's order, *see* Doc 21 at 2 (citing Exs. A and B), and petitioner does not contest these facts. But the Court agrees only partially with the respondent's analysis. For the reasons stated in the respondent's show-cause response, Doc 21 at 2, the Court agrees with respondents that the holding of the hearing and petitioner's release from custody moots the portion of the requested PI demanding such hearing and such release.

The Court agrees with petitioner, however, that the holding of the hearing and the release of petitioner from custody did *not* moot the remainder of the PI request. *See* Doc 23 at 2-3 and the attached declaration of attorney Sarah Brooks.

Petitioner is indeed entitled to an order preliminarily enjoining the respondents from "re-detaining petitioner without a bond hearing on the merits where the government must prove by clear and convincing evidence that petitioner is a danger to the community and a flight risk such that physical custody is required." Doc 23 at 3.

ORDER

**Plaintiff's application for a preliminary injunction is GRANTED IN PART and DENIED as moot in part.**

**No later than Friday, October 17, 2025, the respondents SHALL FILE a proposed preliminary injunction that reflects the Court's determinations herein.**

IT IS SO ORDERED.

Dated: October 9, 2025

_____

Honorable Valerie Baker Fairbank
Senior United States District Judge