# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORIO PEREZ-MENDEZ, | Case No. 2:25-cv-07727-VBF-RAO |
| Petitioner, | Judge: Hon. Valerie Baker Fairbank |
| v. | **ORDER GRANTING PETITIONER'S MOTION FOR PRELIMINARY INJUNCTION** |
| TODD LYONS, Acting Director, Immigration Customs and Enforcement; and ERNESTO SANTACRUZ, JR., Field Office Acting Director for Enforcement and Removal Operation | |
| Respondents. | |

ORDER

The Court, having considered Petitioner Gregorio Perez-Mendez's ("Petitioner") Motion for a Preliminary Injunction and the declaration and exhibit filed in support thereof, the arguments of counsel, and the other pleadings and papers on file in this matter, hereby GRANTS Petitioner's Motion for a Preliminary Injunction and preliminarily enjoins Respondents Todd Lyons, Acting Director, Immigration Customs and Enforcement; and Ernesto Santacruz, Jr., Field Office Acting Director for Enforcement and Removal Operation (collectively "Respondents") as described herein.

**THE COURT HEREBY FINDS THAT:**

1. Petitioner has established a likelihood of success on the merits of his claim that he is entitled to relief that includes "an order that Respondents may not re-detain Petitioner without a bond hearing on the merits where the government must prove by clear and convincing evidence that Petitioner is a danger to the community and a flight risk such that physical custody is required." Petitioner is likely to prevail on his claims because he has shown that his freedom from re-detention is a protected liberty interest under the Due Process Clause of the Fifth Amendment.

2. With respect to a petitioner's protected liberty interest under the Due Process Clause of the Fifth Amendment, the Supreme Court has held that freedom from "government custody, detention, or other forms of physical restraint" is the "heart" of the liberty interest that the Due Process Clause protects. *Zadvydas v. Davis*, 533 U.S. 678, 690, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001)). It has also held that individuals have a protected liberty interest in freedom from re-detention even if they are out of custody but still on preparole, parole, or probation. *See Morrissey v. Brewer*, 408 U.S. 471, 482, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972) (parolee); *Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973) (probation).

3. Pursuant to these holdings, Courts in the Ninth Circuit have held that former immigration detainees out on bond have a protected liberty interest in

remaining out of ICE detention. *See Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969-70 (N.D. Cal. Nov. 22, 2019) (citing *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). In *Ortega,* the Court granted Petitioner's writ of habeas corpus where the government argued that Petitioner's case is not ripe because he was not in detention. 415 F. Supp. 3d at 969. In *Ortega*, the Court ordered that Respondents were permanently enjoined from re-arresting Petitioner unless and until a hearing, with adequate notice, is held in Immigration Court to determine whether his bond should be revoked or altered. *See also Rodriguez-Flores v. Semaia*, No. CV 25-6900 JGB (JCx), 2025 U.S. Dist. LEXIS 192394, at *8 (C.D. Cal. Aug. 14, 2025) *(*"Petitioner's right to remain out on bond is a liberty interest protected by the Due Process Clause. Courts in this circuit have routinely held that noncitizens on bond have a 'protected liberty interest in remaining out of custody.'").

4.   As a noncitizen out on bond, Petitioner has a preestablished protected liberty interest in remaining out of ICE custody. Petitioner has shown he is likely to succeed on the merits of his claim because he has a protected liberty interest in remaining free from ICE detention, and due process entitles him to a bond hearing on the merits with an immigration judge prior to his re-detention.

5.   Petitioner has also shown that he will be irreparably harmed without the issuance of the preliminary injunction. It is well established that the deprivation of constitutional rights "unquestionably constitutes irreparable injury" and most courts hold that "no further showing of irreparable injury is necessary" after a petitioner shows this deprivation. *See Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (citation modified); *Warsoldier v. Woodford*, 418 F.3d 989, 1001–02 (9th Cir. 2005) (quoting Wright, Miller, & Kane, Federal Practice and Procedure, § 2948.1 (2d ed. 2004)). Without a guarantee that Petitioner will not be re-detained without a bond hearing on the merits, Petitioner is at risk of being detained in violation of his protectable liberty interest to remain out of ICE custody unless he is afforded proper due process. Thus, due to his continued risk of constitutional deprivation, Petitioner

faces irreparable harm absent a preliminary injunction.

6. The Court also finds that the balance of the equities and public interest also favors entry of a preliminary injunction for Petitioner. Where the government is the opposing party, balancing of the equities and the public interest merge. *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023). In such cases, "the Court asks whether any significant 'public consequences' would result from issuing the preliminary injunction." *Id*. (citing *Winter v. NRDC, Inc.,* 555 U.S. 7, 24, 129 S. Ct. 365, 377 (2008)). There are little to no significant "public consequences" that would occur from issuing a preliminary injunction. Since Petitioner has been shown not to be a flight risk or a danger to the community, his continued release will not harm the public. Further, the impact on Respondents is low, as the government can easily provide him with notice and a hearing before a neutral decisionmaker before any rearrest. Finally, issuance of a preliminary injunction is in the public interest because failing to do so would give Respondents license to detain Petitioner at any time in violation of his due process rights and it is always in the public interest for the Court to protect an individual's constitutional rights.

**IT IS THEREFORE ORDERED that:**

1. Petitioner's Motion for a Preliminary Injunction is **GRANTED**;

2. Respondents, including any agents, affiliates, subsidiaries, parents, officers, directors, employees, and assigns, and all persons in active concert or participation with them, shall be preliminarily restrained and enjoined from:

    a. re-detaining Petitioner without a bond hearing on the merits where the government must prove by clear and convincing evidence that Petitioner is a danger to the community and a flight risk such that physical custody is required.

/s/ Valerie Baker Fairbank

Dated: October 21, 2025

Honorable Valerie Baker Fairbank
United States District Court Judge