**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

GREGORIO PEREZ-MENDEZ,
Petitioner,
v.
TODD LYONS, *et al.*,
Respondents.

Case No. 2:25-cv-07727-VBF-RAO

ORDER GRANTING IN PART CORRECTED FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

On August 18, 2025, Petitioner Gregorio Perez-Mendez ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"). Dkt. No. 1. On September 3, 2025, Petitioner filed a Corrected First Amended Petition ("Corrected FAP"), the operative petition in this action. Dkt. No. 11.

On September 8, 2025, Petitioner filed an *Ex Parte* Application for Temporary Restraining Order. Dkt. No. 15. Later the same date, Petitioner filed a Corrected *Ex Parte* Application for Temporary Restraining Order ("TRO Application"). Dkt. No. 16. On September 11, 2025, the Court granted the TRO Application and ordered that Petitioner be provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226 ("TRO"). Dkt. No. 20. The TRO further directed

Respondents to show cause in writing why a preliminary injunction should not issue. *Id.* at 7.

On September 17, 2025, Petitioner was provided with a bond hearing and was subsequently released on September 19, 2025, on bond pursuant to the immigration judge's order. Dkt. No. 21 at 1.

On October 21, 2025, the Court entered a preliminary injunction restraining and enjoining Respondents from re-detaining Petitioner without a bond hearing on the merits where the government must prove by clear and convincing evidence that Petitioner is a danger to the community or a flight risk such that physical custody is required. Dkt. No. 27 ("Preliminary Injunction").

On February 5, 2026, the Court issued an order to show cause why the Corrected FAP should not be granted as to count one (asserting a violation of Section 1226 of the Immigration and Nationality Act, *see* Corrected FAP at 7), in light of the judgment in *Maldonado Bautista v. Santacruz*, No. CV 25-1876-SSS (BFM) (C.D. Cal. Nov. 25, 2025), Dkt. No. 28.

On February 12, 2026, Respondents filed their Response stating that the Corrected FAP is rendered moot by Petitioner's release from custody. Dkt. No. 29. Respondents did not address the merits of the Corrected FAP in their pleading.

Petitioner filed his Response the same date, asserting that his release does not render the Corrected FAP moot. Dkt. No. 30. Specifically, Petitioner argues the Petition is not moot because Respondents have refused to stipulate that Petitioner could not be re-detained without a bond hearing on the merits. *Id*. at 2.

"The party alleging mootness bears a 'heavy burden' in seeking dismissal." *Rosemere Neighborhood Ass'n v. U.S. Env't Prot. Agency*, 581 F.3d 1169, 1173 (9th Cir. 2009) (quoting *Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)). A case might become moot only when "subsequent events made it absolutely clear that the allegedly wrongful behavior could not

reasonably be expected to recur." *Laidlaw*, 528 U.S. at 189 (citation omitted).

Here, Respondents have failed to meet their burden to show how the TRO and Preliminary Injunction moot the FAP. The Court has not made the preliminary relief granted permanent nor has it otherwise addressed Petitioner's request for prospective relief. Further, while Respondents assert mootness they do not make any representations regarding whether there is a likelihood that they would re-detain Petitioner. The Court concludes that Petitioner's continued threat of re-detention absent compliance with statutory procedures is still live and in controversy. *See Panosyan v. Mayorkas*, 854 F. App'x 787, 788 (9th Cir. 2021) (finding mootness established where petitioner's bond release became final after ICE declined to appeal and there were no "collateral consequences").

In the TRO, the Court concluded that Petitioner is likely to succeed on the merits of his claims under Section 1226 and noted that the same issues presented and addressed in *Bautista* were present here. TRO at 4–5. Further, the Preliminary Injunction expressly found that Petitioner had established a likelihood of success on the merits of his claim to entitlement to relief that includes an order that Respondents may not re-detain Petitioner without a bond hearing where the government must prove he is not a danger to the community or a flight risk. Preliminary Injunction at 2. Because Respondents have not addressed the merits of Petitioner's claims, the Court sees no reason to depart from its previous analysis and incorporates it herein. Accordingly, the Court finds that the appropriate remedy is to grant the Corrected FAP as to Count One, thereby placing the relief already afforded by the TRO and Preliminary Injunction on a permanent footing.

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. The FAP is GRANTED IN PART as to Count One (violation of Section 1226 of the INA); and

2. Respondents are ORDERED to comply with the procedures outlined in the Court's Preliminary Injunction prior to any future re-detention of Petitioner. *See* Dkt. No. 27.

DATED: July 14, 2026

Valerie Baker Fairbank

HONORABLE VALERIE B. FAIRBANK
UNITED STATES DISTRICT JUDGE